**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Charles Bradford Odom | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | **RE 1915A SCREENING** |
| | ) | |
| Burleigh County Detention Center, Steve | ) | Case No. 1:06-cv-038 |
| Berg, The Days Inn, and Ms. Kathleen | ) | |
| | ) | |
| Defendants. | ) | |

**I.     BACKGROUND**

Plaintiff, an inmate at the Burleigh County Detention Center ("BCDC"), has filed a form *pro se* complaint with this court alleging two counts of violations of his civil rights under 42 U.S.C. § 1983. Plaintiff applied to proceed *in forma pauperis*. The following is a report and recommendation with respect to the review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A and plaintiff's application to proceed *in forma pauperis*.

**II.    DISCUSSION**

    **A.     Standard Governing Review**

When a prisoner seeks to sue a governmental entity, officer, or employee, the court is required under 28 U.S.C. § 1915A to conduct a preliminary screening of plaintiff's complaint to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.

In conducting its § 1915A review, the court must keep in mind the admonition of the Eighth Circuit that *pro se* prisoner complaints are to be liberally construed and that the court is obligated

to determine whether the complaint provides relief "on any possible theory." Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). The court may not dismiss the complaint unless it "appears beyond doubt that plaintiff can prove no set of facts that would demonstrate an entitlement to relief." Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

In this case, plaintiff alleges claims under 42 U.S.C. § 1983. To state a claim pursuant to 42 U.S.C. §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Exhaustion of Administrative Remedies**

42 U.S.C. Section 1997e(a), also known as the Prisoner Litigation Reform Act ("PLRA"), provides that no action under 42 U.S.C. Section 1983 shall be brought by a prisoner concerning prison conditions "until such administrative remedies as are available are exhausted." In this case, the complaint alleges that plaintiff has exhausted his administrative remedies.

**C.     Claims identified**

Plaintiff's complaint is poorly articulated and difficult to follow. However, construing the complaint liberally, it appears that two constitutional violations are alleged.

**1.     Count One - Claim of Eighth Amendment Violation**

In his statement of claim, plaintiff alleges that he complained of chest pain between January 13 and January 14, 2006, at around 3:00 a.m. or 4:00 a.m. following an earlier expression of concern to a jail nurse that he was not receiving the correct medication. In the material attached to the complaint, plaintiff refers to this incident as a "[p]ossible light heart attack possible stroke." He claims that he summoned two guards but later told them he thought he would be all right. He claims

he called for the guards again who told him that he would have to wait until 7:30 a.m. to see a nurse. He states he did not see a nurse at that time and his blood pressure was not taken for another three days.  (Docket No. 2)

In the section of his complaint in which he describes the outcome of his grievances, plaintiff acknowledges, however, that he was "finally treated for chest pains 3 month [sic] later from the first incident and after 3 to five inquires which have also been ignored."  In his claim for relief, plaintiff states that "a large cash award should be awarded because this initial lack of medical attention could very well take years off my life."  (Docket No. 2)

The Eighth Amendment requires that a government "provide medical care for those whom it is punishing by incarceration."  Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002).  In Jolly v. Knudsen, the Eighth Circuit has described the extent of this duty and what is required to prove a breach as follows:

> Prison officials or their agents violate the eighth amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Our court has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995).

Jolley v Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000).

In addition, to make out a claim for a constitutional violation under § 1983, a plaintiff must demonstrate that he or she suffered an actual or imminent injury in fact.  Smith v. Arkansas Dep't. of Corrections, 103 F.3d 637, 643 (8th Cir. 1996) (citing Lewis v. Casey, 518 U.S. 343 (1996); see also Maurice B. Madison-Bey v. Correctional Medical Services, No. 05-2418 (8th Cir. May 11,

2006) (holding § 1983 complaint failed because plaintiff did not allege that he suffered harm as a result of an unconstitutional policy or custom). And, "[w]hen the inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, the objective seriousness of the deprivation should be measured by reference to the *effect* of delay in treatment." Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (emphasis provided)(internal quotes omitted).

Even though we are only at the pleading stage in this case, plaintiff has pled enough to establish that he does not have an Eighth Amendment claim. Cf. Thompson v. Illinois Dep't of Professional Regulation, 300 F.3d 750, 754 (7th Cir. 2002); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992). By his own admission, the incident that is the focus of his complaint was only a "possible" heart attack or stroke. Plaintiff acknowledges he has since received medical care for his claimed chest pains (which is confirmed by the attachments to his complaint) and does not claim this care has been inadequate, much less deficient to the extent it would amount to an Eighth Amendment violation. Finally, plaintiff's only claim of injury from the alleged delay in treatment is his concern that it might result in taking years off his life.

Based on the foregoing authority, what plaintiff has alleged is neither sufficiently objectively serious to establish a breach of duty under the Eighth Amendment, nor does it amount to an "actual or imminent injury" required to make out a constitutional claim.

### 2. Count Two - Claim of racial discrimination

In claim number two, plaintiff states:

Kathleen under the direction of her personal friend Detective Olson under the color of law was told that when a [sic] African American checked into the Days Inn and paid with cash that she should call him personally a fact he admitted in open court that because I paid $119.56 cents that it was susplous [sic]. This constitutes Racial Profiling on her part and Detective Olson which is a Direct violation of my civil rights and has caused sever

4

psycholgical [sic] effects upon me.  And the stress therein has lead to a [sic] impending heart condition.

(Docket No. 2).

The court's screening obligation under 28 U.S.C. § 1915A applies when a prisoner seeks to sue a governmental entity, officer, or employee. In this case, there may be some question as to whether this screening requirement applies to plaintiff's second claim since Ms. Kathleen is not a governmental officer or employee even though the allegation is that she conspired or otherwise acted in concert with a  government official.[1]  Nevertheless, the court also has the power under §1915(e)(2) to dismiss an action in which a plaintiff is proceeding *in forma pauperis* if it is frivolous, fails to state a claim, or seeks relief against a defendant who is immune from relief as it does under § 1915A, and §1915(e)(2) is not limited to prisoner suits against  governmental entities, officers, or employees.       Although the pleading with respect to the second claim is sparse, it cannot be said beyond a doubt that there is no set of facts that plaintiff could prove to establish a possible claim of race discrimination even though the undersigned is extremely skeptical that plaintiff has a claim that has merit.  However, there is an even more fundamental problem with respect to the second claim and that is determining the identity of the person whom plaintiff intends to sue.

In the section of the complaint in which the plaintiff identifies the parties he is suing, he lists the BCDC, Sheriff Steve Berg, and "Ms. Kathleen."  The latter he identifies as the manager of the Days Inn Hotel.  Although "The Days Inn" is also included in the caption, it appears upon reading

---

[1] Plaintiff's complaint alleges a violation of 42 U.S.C. § 1983.  While this section generally makes actionable claims of violation of constitutional rights or federal law by governmental actors, private parties can be held liable if they are willful participants in joint action with governmental actors.  E.g., Crumpley-Patterson v. Trinity Lutheran Hospital, 388 F.3d 588, 590 (8th Cir. 2004).  Plaintiff conceivably could also have a claim under 42 U.S.C. § 1981, which does not require state action and reaches the conduct of private parties.

the complaint as a whole that Ms. Kathleen (whose name is spelt differently throughout the complaint) is the only person who plaintiff is suing as to claim number two based upon the more specific delineation of parties in the body of the complaint and the lack of any assertion or other alleged facts indicating an intent to hold a separate entity responsible for Ms. Kathleen's alleged discriminatory conduct.

Rule 10(a) of the Federal Rules of Civil Procedure states, "In the complaint the title of the action shall include the names of all the parties. . . ." Fed. R. Civ. P. 10(a). Captioned names do not need to be flawless if the party can be identified in the body of the complaint and, although undesirable, factitious names may be used to identify a party. See Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995); Barsten v. Department of the Interior, 896 F.2d 422, 423 (9th Cir. 1989); Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1321 . "The Federal Rules of Civil Procedure, however, impose a practical limitation on this practice: pleadings must be sufficiently detailed so as to provide notice to opposing parties on the claims against them." Hastings v. Fidelity Mortg. Decisions Corp., 984 F.Supp. 600, 605 (N.D.Ill. 1997) (citing Vicom v. Harbridge Merchant Servs. Inc., 20 F.3d 771, 775 (7th Cir. 1994)). And, although not explicitly mentioned in the Federal Rules of Civil Procedure, the overriding concern is that an adequate description is given somewhere within the complaint to sufficiently identify the person involved so that process can be served. Keno v. Doe, 74 F.R.D. 587, 588 n.1 (D.N.J. 1977). "In light of this principle, an action may proceed against a party whose name is unknown only 'if the complaint makes allegations specific enough to permit the identity of the party

to be ascertained through reasonable discovery.'" <u>Hastings</u>, 984 F. Supp. at 605 (quoting <u>Crandell</u>, 56 F.3d at 37).

In this case, plaintiff requests that he be allowed to proceed *in forma pauperis* and places upon the court the responsibility to effectuate service under §1915(d).  However, he has not provided the court with sufficient information to enable the marshal's service to make service upon Ms. Kathleen.  Aside from the obvious uncertainty with respect to the name, plaintiff does not even identify in which city Ms. Kathleen is located in.  Further, more information as to the identify of Ms. Kathleen cannot be ascertained through discovery because she would be the only remaining defendant if the court dismisses the case against the BCDC and Sheriff Berg.  Moreover, even if the case was not dismissed as to the BCDC and Sheriff Berg, there is no indication that either of these two potential defendants has anything to do with Ms. Kathleen since the subject matter of the complaints against the two sets of defendants is completely different.

### III.     CONCLUSION AND RECOMMENDATION

Having conducted an initial review of plaintiff's complaint, and viewing the mentioned claims in a light most favorable to the plaintiff, it is hereby **RECOMMENDED**:

1. That plaintiff's claim of deliberate indifference of his medical condition against Burleigh County Detention Center and Sheriff Berg be dismissed without prejudice and that no process issue against either of these two defendants based upon the present complaint.

2. That plaintiff's second claim alleging racial discrimination be allowed to proceed, but only as to "Ms. Kathleen" and only if the plaintiff supplies the court within

       fifteen days of the date of the adoption of this recommendation with additional information sufficient to enable the marshal's service to attempt to make service. If plaintiff fails to provide sufficient additional information within the time specified, the complaint be dismissed in its entirety without prejudice.

3. That plaintiff be required to seek an amendment of his complaint if court has misconstrued the parties whom plaintiff intends to sue with respect to his claim of race discrimination.

4. The plaintiff's application to proceed *in forma pauperis* be granted, and his prisoner account be charged for the full $350 filing fee, conditioned upon plaintiff suppling the court with the additional information to enable the marshal's service to make service. <u>However, if the plaintiff wishes to abandon this action in light of the foregoing and does not supply the necessary information within fifteen days, that his account not be charged</u>.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken.

Dated this 30th day of May, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.,
United States Magistrate Judge