**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Charles Bradford Odom, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING** |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Burleigh County Detention Center, | ) | |
| Steve Berg, The Days Inn, and | ) | |
| Ms. Kathleen, | ) | Case No. 1:06-cv-038 |
| | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Charles Bradford Odom, filed this pro se civil rights action under 42 U.S.C. § 1983 on May 10, 2006. Magistrate Judge Charles S. Miller, Jr. conducted an initial review as mandated by 28 U.S.C. § 1915A, and submitted a Report and Recommendation. Judge Miller recommended that Odom's claim of deliberate indifference be dismissed without prejudice, that his claim alleging racial discrimination be allowed to proceed with certain conditions. Odom was then given ten (10) days to file an objection to the Report and Recommendation. On June 7, 2006, Odom filed an objection to the Report and Recommendation. (Docket No. 5). Odom also filed additional information identifying "Ms. Kathleen" as Kathleen Bufford of the Bismarck Days Inn at 1300 E. Capitol Ave., Bismarck, N.D. See Docket Nos. 2-6, 2-7.

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the record as a whole and finds the Report and Recommendation to be persuasive. The Court **ADOPTS** the Report and Recommendation (Docket No. 4) in its entirety. The Court orders that:

1.     Odom's claim of deliberate indifference of his medical condition against Burleigh County Detention Center and Sheriff Berg is **DISMISSED.** Thus, no claims remain as to Burleigh Court Detention Center and Sheriff Berg.

2.     Odom's claim alleging racial discrimination is allowed to proceed, but only as to Kathleen Bufford. The Clerk of Court is directed to amend the record to reflect the identify of "Ms. Kathleen" as Kathleen Bufford, Manager of Days Inns, 1800 E. Capitol Ave., Bismarck, N.D. 58501.

3.     Odom is required to seek an amendment of his complaint, if the Court has misconstrued the parties whom he intended to sue with respect to his claim of race discrimination.

4.      The Court **GRANTS** Odom's motion to proceed *in forma pauperis*. (Docket No. 3). Odom is assessed the statutory filing fee of $350.00, pursuant to 28 U.S.C. § 1915(b)(1). Based upon the information in the Certificate of Inmate Account and Assets submitted by the plaintiff, dated May 10, 2006, **a partial filing fee of $12.02** is hereby assessed for this action pursuant to 28 U.S.C. § 1915(b)(1). Thereafter, the plaintiff will be obligated to make monthly payments in the amount as determined by 28 U.S.C. § 1915(b)(2) until said filing fee is paid in full. The full fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915(A). The institution where the plaintiff is incarcerated is required to post payments from plaintiff's inmate spending account or release aid account in

2

an amount of 20% of each future month's income placed in the plaintiff's accounts. Such payment shall be made each time the amount in the inmate spending account or release aid account exceeds $10.00 and continue until the statutory fee of $350.00 is paid in full.  28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(d), the Clerk of Court is directed to serve a copy of the complaint on Defendant Kathleen Bufford.

**IT IS SO ORDERED.**

Dated this 12th day of June, 2006.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court