**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Charles Bradford Odom | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | Case No. 1:06-cv-038 |
| Kathleen Bufford, Paul Olson, Cody Trom, and Days Inn Hotel, | ) ) | |
| | ) | |
| Defendants. | ) | |

Before the court is the plaintiff's motion to amend his complaint to add Paul Olson[1], Cody Trom, the Bismarck Police Department, and the Days Inn Hotel as defendants to his 42 U.S.C. § 1983 *pro se* complaint. The plaintiff applied to proceed *in forma pauperis*. Therefore, the following is a review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

**I.   BACKGROUND**

On May 10, 2006, the plaintiff filed a completed motion for PLRA review containing a complaint naming the "Burleigh County Detention Center, Steve Berg, The Days Inn, and Ms. Kathleen" as defendants. The court screened the complaint in accordance with 28 U.S.C. § 1915A and recommended that the plaintiff be allowed to proceed only against "Ms. Kathleen" proved that he provide the court with the defendant's full name and her location for service. The plaintiff provided the necessary information and Chief Judge Daniel L. Hovland adopted this court's report and recommendations. (Docket No. 7)

---

[1] The plaintiff spells Detective Paul Olson's last name both Olsen and Olson in his complaint. The police report excerpt spells his name as Paul Olson. The court will spell Detective Olson's name as it is spelled in the police excerpt unless the plaintiff asserts otherwise.

On June 12, 2006, a motion to amend the complaint was filed seeking to add Detectives "Trom" and "Olsen" as defendants to the above entitled case. (Docket No. 6). On June 12, 2006, the court denied the plaintiff's motion without prejudice stating that the plaintiff did not file a proposed amended complaint along with his motion as required by Local Rule 5.1(D). (Docket No. 8).

On June 20, 2006, the Clerk's Office filed a proposed amended complaint as a supplement to the plaintiff's motion to amend the complaint. (See Docket No. 6 text). After the filing of the proposed amended complaint, the court vacated its order denying plaintiff's motion to amend complaint. (Docket No. 13). Also, in its same order, the court directed the plaintiff to submit to the court a new amended complaint that incorporates all the defendants and the claims against them into one document.

On July 11, 2006, the plaintiff filed a new amended complaint listing the new defendants and their alleged actions. In the caption of the new amended complaint, the plaintiff names the following as defendants: "Days Inn and Kathleen Bufford, Det. Paul Olsen, Det. Cody Trom, Bismarck Police Dept." The plaintiff is seeking a "1.5 million dollar settlement," a public apology, and release from prison.

**II.   DISCUSSION**

The court will use the same standard governing review as outlined in its initial report and recommendation. (See Docket No. 4).

As the court concluded in its report and recommendation, the plaintiff is alleging racial discrimination stemming from an event at the Days Inn Hotel in Bismarck and that it was not beyond

doubt that there is no set of facts that the plaintiff could prove to establish a possible claim of race discrimination against Kathleen Bufford.[2]

In the body of the current complaint, the plaintiff lists Paul Olson and Cody Trom of the Bismarck Police Department, along with the Days Inn Hotel and Kathleen Bufford, as party defendants. The Bismarck Police Department is also named within the factual pleadings of the complaint; therefore, the court will screen the complaint as to Detective Olson, Detective Trom, the Bismarck Police Department, and the Days Inn Hotel to determine if the plaintiff has stated a claim against the new defendants.

The plaintiff cites various state statutes in his amended complaint. Reading the citations in the context of his complaint, the court construes those references as support for his racial discrimination claim and not pleadings of separate causes of action.

The plaintiff alleges that Detectives Olson and Trom conspired with Kathleen Bufford, the manager of the Days Inn Hotel, to racially profile and than acted under the color of law to have him "falsely" arrested. The plaintiff alleges that Ms. Bufford called Detective Trom when he checked into his hotel room because he was an African American. Detective Trom relayed the message to Detective Olson, who then arrested the plaintiff. The plaintiff alleges Ms. Bufford was directed by the detectives and the Bismarck Police Department to call the police when someone with the plaintiff's skin color checks into a hotel room using cash.

---

[2] The court noted that the plaintiff's complaint alleges a violation of 42 U.S.C. § 1983. The court opined, however, while this section generally makes actionable claims of violation of constitutional rights or federal law by governmental actors, private parties can be held liable if they are willful participants in joint action with governmental actors. E.g., Crumpley-Patterson v. Trinity Lutheran Hospital, 388 F.3d 588, 590 (8th Cir. 2004). Plaintiff conceivably could also have a claim under 42 U.S.C. § 1981, which does not require state action and reaches the conduct of private parties.

To support his claim, the plaintiff has attached excerpts of police reports filled out by Detective Trom. The reports indicate that Ms. Bufford contacted Detective Trom about a person she thought to be suspicious. Ms. Bufford informed Detective Trom that the plaintiff was "an extremely large black male."

"A municipality may be liable under § 1983 when an official municipal policy or custom caused a violation of a plaintiff's substantive due process rights." Russell v. Hennepin County, 420 F.3d 841, 846 (8th Cir. 2005). A department or subordinate entity to a municipality, however, are not separate legal entities or bodies and do not have the capacity to be sued. 56 Am. Jur. 2d Municipal Corporations § 787 (2006). Therefore, a municipal police department is not a juridical entity that is capable of being sued. See Rolen v. City of Brownfield 2006 WL 1519979 (5th Cir. May 30, 2006); Averhart v. City of Chicago, 114 Fed. Appx. 246 (7th Cir. 2004) (holding city police department was not a suable entity separate from the city); Hernandez v. Borough of Palisades Park Police Dept., 58 Fed. Appx. 909 (3rd Cir. 2003) (concluding police department was merely an administrative arm of the municipality); Warner v. Village of Goshen Police Dept., 256 F.Supp.2d 171 (S.D. N.Y. 2003) (holding administrative arms of a municipality, such as a village police department, do not have a legal identity separate and apart from the municipality, and cannot sue or be sued); Hale v. Vance, 267 F. Supp.2d 725 (S.D. Ohio. W.Div. 2003) (stating city police department, being mere arm of city, is not its own entity, and is not capable of being sued); Darby v. Pasedena Police Dept., 939 F.2d 311 (5th Cir. 1991) (holding city police department lacked jural existence, and could not be sued); but see Shaw v. State of California Dept. of Alcoholic Beverage Control, 788 F.2d 600 (9th Cir. 1986) (holding police department of city was public entity under California law).

"'[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Reasonover v. St. Louis County, Mo., 447 F.3d 569, 580 (8th Cir. 2006) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, (1982)). To determine whether an officer is entitled to qualified immunity, the court uses a two step process. Id. First the court must determine whether the officer's conduct violated a constitutional right. Id. Next, if the there is a violation, the court determines whether the right was clearly established. Id.

In the case at bar, for the purposes of § 1915A, the court determines the plaintiff has alleged that the detectives' conduct violated his constitutional right and that the right was clearly established.

A private party acting under the color of state law can be held liable under § 1983. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). A corporation can also be liable under § 1983 for its own unconstitutional policies if it acts under the color of state law. Id. The court already concluded that the plaintiff may proceed against Ms. Bufford in its Report and Recommendation. (Docket No. 4). After reviewing the plaintiff's amended complain, the court concludes that the plaintiff has, barely, plead enough to show the Days Inn Hotel may have violated a constitutional right.

### III.   CONCLUSION AND RECOMMENDATION

After reviewing the complaint under § 1915A, the court **RECOMMENDS:**

1)   The plaintiff be allowed to proceed with his claim of racial discrimination against the Days Inn Hotel of Bismarck, Kathleen Bufford, Detective Paul Olson, and Detective Cody Trom.

2)   The Bismarck Police Department be dismissed as a party.[3]

3)   The Clerks office make appropriate service employing as necessary the assistance of the United States Marshals Service.

Dated this 27th day of July, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge

---

[3] Since the Bismarck Police Department is not an entity amenable to suit, the plaintiff most likely should have named the City of Bismarck as a defendant. However, because each police detective is being sued in his official capacity, as well as his individual capacity, the City of Bismarck is likely a defendant anyway. See Clay v. Conlee, 815 F.2d 1164 (8th Cir. 1987) (holding a § 1983 action against a government official in his official capacity is tantamount to an action directly against the public entity of which the official is an agent).